**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| KEITH TAYLOR BROOKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18CV172 ACL |
| | ) | |
| CAPE GIRARDEAU COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Keith Taylor Brooks an

inmate at Cape Girardeau County Jail, for leave to commence this action without payment of the

required filing fee. For the reasons stated below, the Court finds that plaintiff does not have

sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. [1]

*See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds

that the complaint should be dismissed as duplicative.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma

pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief against a defendant who is immune from such relief. An action

is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S.

319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing

---

[1]Plaintiff has not submitted a prison account statement. As a result, the Court will require
plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484
(8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison
account statement, the Court should assess an amount "that is reasonable, based on whatever
information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial
partial filing fee, he must submit a copy of his prison account statement in support of his claim.

litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Complaint

Plaintiff brings this action to redress violations of his civil rights, and names Cape Girardeau County as a defendant in this action. Plaintiff names seven additional individuals as defendants in this action, including: John Jordan (Sheriff); Unknown Davis (Lieutenant); James Mulcahy (Captain); Unknown Surface (Correctional Officer); Unknown Stewart (Correctional Officer); Unknown Boliva (Correctional Officer); and Unknown Kato (Correctional Officer).

Plaintiff alleges that he was admitted to the Cape Girardeau County Jail as an inmate on or about April 6, 2018. He claims that when he was admitted to the Jail he was given a dirty pair

of pants and a dirty shirt by Correctional Officer Surface.[2] Plaintiff states that he asked for "clean" clothes, noting that there was a pile of clothes behind the Officer that seemed to be available for use at intake. Plaintiff alleges, however, that Correctional Officer Surface denied him the use of the "clean" clothes. Plaintiff further alleges that he was not given any "hygiene" items at intake. Plaintiff does not indicate exactly what "hygiene" items he was not provided by the Jail, nor does he indicate what hygiene items he was expected to buy from the Commissary.

Plaintiff claims that he has had to wear the dirty clothes for approximately two months. He claims that he got genital herpes from the dirty clothes, although he has not indicated that he saw a doctor at the Jail for such a diagnosis. He merely states that an unnamed nurse he saw didn't "look at it" and he was told to "put in a request form if he did have it." He additionally states that his clothes smelled and other inmates laughed at him as a result of the dirty clothing he was given at intake.

Plaintiff states that he believes his legal mail was opened by the Jail sometime between June 7, 2018 and June 12, 2018. Plaintiff asserts that "no officers will answer [his] requests for names" of who allegedly opened the mail.

Plaintiff claims that grievances he allegedly wrote about incidents at the Jail have been thrown away. Plaintiff, however, does not indicate what he wrote the grievances about or who allegedly threw the grievances away.

Plaintiff alleges that he requested a kosher diet on April 17, 2018. He asserts that he has been denied kosher meals at the Jail and as a result he has lost weight. However, he also states

---

[2]Plaintiff does not identify exactly which defendant Surface provided him with the purported "dirty" clothes. He merely states that one of the Correctional Officers named "Surface" assisted with checking him into the Jail on April 6, 2018. However, plaintiff has identified two Correctional Officers with the name Surface in this matter: S. Surface and A. Surface. Plaintiff will need to amend his complaint in order to specify which Officer Surface allegedly provided him with dirty clothes during his intake process.

that when he asked why he was being denied kosher meals he was told that all of the meals at the Jail were kosher and ok for him to eat.

Last, plaintiff asserts in a conclusory fashion that "Co's do not keep inmates safe as their policies suggest." Plaintiff suggests that the commanding officers at the Jail are responsible for enforcing the policies and practices at the Jail.

Plaintiff seeks compensatory damages and injunctive relief.

**Discussion**

Plaintiff filed the same, or a substantially similar, lawsuit against these defendants, as well as four additional defendants from the Cape Girardeau County Jail, on June 19, 2018. *See Brooks v. Cape Girardeau County*, No. 1:18-CV-152 NCC (E.D.Mo.). Plaintiff was ordered to amend his complaint in that action on July 17, 2018 as a result of several pleading errors that are also contained in the present lawsuit. After plaintiff amends his complaint in that lawsuit, his amended complaint will be reviewed pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted pursuant to the Prison Litigation Reform Act.

Because plaintiff's allegations in this lawsuit are duplicative of his previously filed, currently ongoing lawsuit, the Court will dismiss the present lawsuit as duplicative.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as duplicative of plaintiff's previously filed, ongoing lawsuit in *Brooks v. Cape Girardeau County*, No. 1:18-CV-152 NCC (E.D.Mo.).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of July, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE